UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 1:19-cr-00098-TWP-DML |
| JOHN PINKHAM, | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Tiffany J. Preston, Assistant United States Attorney ("the Government"), and the Defendant, JOHN PINKHAM ("the Defendant"), in person and by counsel, Joseph Cleary, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).  The following are its terms and conditions:

### Part 1:  Guilty Plea and Charges

**1.** **Plea of Guilty:** The Defendant, having the waived the right to being indicted by the Grand Jury, petitions the Court for leave to enter and agrees to enter a plea of guilty to the following offenses charged in the Information:

**a.** Count One, which charges that the Defendant committed the offense of Threats to Injure, in violation of Title 18, United States Code, Section 875(c).

2.     **Potential Maximum Penalties:**  The Defendant understands that the offenses to which he is pleading guilty carry the following potential maximum penalties:

a.     **Threats to Injure**, in violation of Title 18, United States Code, Section 875(c), is punishable by a maximum sentence of 5 years' imprisonment, a $250,000 fine, and a term of supervised release not to exceed three years following the term of imprisonment.

b.     **Supervised Release:** The minimum term of supervised release for Count One is 5 years following the term of imprisonment.

3.     **Elements of the Offense:**  To sustain the offenses to which the Defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

a.     The Defendant transmitted communications containing threats to kidnap or injure the person of another as described in Counts Fourteen through Twenty-Six of the Information;

a.     The Defendant acted knowingly; and

b.     The Defendant's communications were transmitted in interstate or foreign commerce.

## Part 2:  General Provisions

4.     **Sentencing Court's Discretion Within Statutory Range:**  The Defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range(s) set forth above; (B) the Court will

2

consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range(s); (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range(s); (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (H) by pleading "Guilty," the Court may impose the same punishment as if the Defendant had plead "Not Guilty," had stood trial and been convicted by a jury.

5.    **Sentencing    Court    Not    Bound    by    Guidelines    or Recommendations:** The Defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the Defendant's sentence is within the discretion of the Court. The Defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the Defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

6. **Plea Agreement Based on Information Presently Known:** The Defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the Defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

The Government will inform the Court and the Defendant at the time of taking the Defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the Defendant.

7. **No Protection From Prosecution for Unknown or Subsequent Offenses:** The Defendant acknowledges and agrees that nothing in this agreement shall protect the Defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The Defendant further acknowledges and agrees that nothing in this agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

8. **Rights Under Rule 11(b), Fed. R. Crim. P.:** The Defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the Defendant any statement that the Defendant gives under oath during the guilty plea colloquy. The Defendant also understands that the Defendant has the right: (A) to plead not guilty, or having already so pleaded, the

right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.  The Defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court.  The Defendant understands that if the Court accepts this plea of guilty, the Defendant waives all of these rights.

## Part 3:  Sentence of Imprisonment

9.  **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):**  The parties have **not** agreed upon a specific sentence.  The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

a.  **Government's Recommendation:**  The Government will recommend a sentence within the Sentencing Guideline's range as calculated by the Court at sentencing, provided that the Defendant (i) continues to fully accept responsibility for the offense, (ii) does not commit a new criminal offense before the date of any sentencing, and (iii) does not otherwise violate the terms of any pre-trial release before the date of sentencing.

---

[1]Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

b.      **Defendant's Recommendation:** The Defendant is free to recommend any sentence, including a sentence at or below the applicable Sentencing Guideline's Range as calculated by the Court at the time of sentencing.

c.      **Restitution:** The parties understand that federal law requires the payment of restitution to the victim in the offense charged in Count 1.

•      Victim A:  To date, the United States has not received a request for restitution from Victim A.  The United States will inform defense counsel and the Court should Victim A make a specific restitution request.

•      Payment Terms:  The parties understand that the Court will determine the payment terms for any restitution.

•      Other Claims:  Nothing in this agreement prevents any identified or unidentified victim of these offenses from seeking additional restitution if they choose to do so and can demonstrate losses higher than the amount of the agreed restitution. However, at the present time, the United States does not have any such victims presently identified.

d.      **No further charges:**  If the Court accepts this agreement, and sentences the Defendant according to its terms, then the United States will not file any additional charges relating to the Defendant's presently known criminal conduct. However, if the Defendant has committed any criminal offenses not disclosed to the Government prior to the signing of this Plea Agreement, then the Government is free to pursue any applicable criminal charges for such conduct.  Finally, if the Defendant

later violates his Waiver of Appeal, then the Government and the Court will not be bound by this agreement.

10. **Placement:** The Defendant requests that this Court recommend to the Federal Bureau of Prisons that the Defendant serve any sentence of imprisonment imposed in this case at an institution named by the Defendant during the sentencing hearing.  The Defendant acknowledges and understands that any recommendation by the Court is only a recommendation and does not bind the Federal Bureau of Prisons.  The Government does not object to the Defendant's requested recommendation.

11. **Supervised Release:**  Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

### Part 4: Monetary Provisions and Forfeiture

12. **Mandatory Special Assessment:**  The Defendant will pay a total of $100 assessment on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

13. **Fine:** The Government will not advocate for a fine at sentencing, and leaves the decision regarding the imposition of the fine in the discretion of the District Court.

14. **Obligation to Pay Financial Component of Sentence**:  If the Defendant is unable to pay any financial component of the Defendant's sentence on the date of sentencing, then the Defendant agrees that the payment of the financial component should be a condition of supervised release.  The Defendant has a continuing obligation to pay the financial component of the sentence.  The Defendant further agrees that as of the date of filing this Plea Agreement the Defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the Defendant's financial disclosures,  to the  Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the Defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court.  The Defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office.  If the Defendant is ever incarcerated in connection with this case, the Defendant may participate in the Bureau of Prisons Inmate Financial Responsibility Program.

15. **Forfeiture**:  The Defendant admits that the property listed below constitutes contraband, was used to facilitate, or constitutes the fruits of the commission of the offense(s) to which the Defendant is pleading guilty, and, therefore, is subject to forfeiture to the United States.  The Defendant abandons all right, title, and interest the Defendant may have in the property listed below so that proper disposition, including destruction, may be made thereof by federal, state, or local law

enforcement agencies involved in the investigation of the Defendant's criminal activity, without further notice or obligation whatsoever owing to the Defendant. The Defendant further agrees not to contest any forfeiture action brought against and consents to the forfeiture of any of the property listed below, whether any such forfeiture action is administrative, judicial, civil, or criminal, and agrees not to contest any use or destruction of any of the property listed below by any federal, state, or local law enforcement agency:

Such property includes, but is not limited to, the Defendant's cellular telephone seized at the time of his arrest.

The Defendant consents to the entry of orders of forfeiture for such property and waives the requirements of Rules 32.2 and 43(a), Fed. R. Crim. P., regarding notice of the forfeiture in the charging document, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the Defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Defendant's guilty plea is accepted.

The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

## Part 5:  Factual Basis for Guilty Plea

16.     The parties stipulate and agree that the following facts establish a factual basis for the Defendant's plea of guilty to the offenses set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial.   The following information is only a summary of the Government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the Government reserves the right to present additional evidence at the time of sentencing.

John Pinkham is from Deltona, Florida, and was born in 1979.  Individual A was a 20-year old man who died of bone cancer on January 1, 2019.  Individual A resided in the Southern District of Indiana, namely Carmel.  Individual A's struggle with bone cancer and death gained national attention due to his relationship with the Purdue Football team and his significant efforts to find a cure.  While Individual A was alive, his family used Facebook to relay information about his condition (the "Individual A Facebook page").  After Individual A passed away on January 1, 2019, his family used the Individual A Facebook page to post information about his funeral and a Celebration of Life ceremony which was scheduled to occur in Indianapolis, Indiana, on January 8, 2019 at 6:00 p.m.

On or about January 3, 2019, the Defendant, using the Facebook name Julie Homan and Facebook ID "matt.pinkham.969" posted threats on the Facebook page for Individual A.  In the comments section of the post, the Defendant posted the following:



Pinkman posted the above threats on the Individual A Facebook Page.  One of the threats in the above post was directed against Victim A, Individual A's mother, who was expected to be at the Celebration of Life.   The Defendant knew that Victim A was a vulnerable victim because she was grieving as a result of the loss of her son, Individual A.

The Celebration of Life was a public event, and was substantially disrupted as a result of the Defendant's threats. Additionally, law enforcement incurred a substantial expenditure of funds to respond to the threats in order to subvert any potential harm to Victim A and others.

The cell phone used to create the videos of Victim A used to store the videos were manufactured outside of the State of Indiana or contain parts that were manufactured outside of the State of Indiana, and therefore, travelled in interstate or foreign commerce.

### Part 6: Other Conditions

**17. Background Information:** The Defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence. The Defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the Defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

**18. Good Behavior Requirement:** The Defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case. If the Defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

19.    **Compliance with Federal and State Laws:**   The Defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the Defendant abiding by federal and state laws.

### Part 7:  Sentencing Guideline Stipulations

20.    **Guideline Computations:**  The parties reserve the right to present evidence and argument concerning the appropriate advisory Sentencing Guideline range for these offenses.

21.    It is presently the Government's assessment that the offense level under United States Sentencing Guidelines Sections 2A6.1(a)(1), (b)(2)(A), and (b)(4), and Section 3A1(b)(1) is 20.  With acceptance under Section 3E1.1(a) and (b), it is the Government's assessment that he final offense level is 17.   Further, it is the Government's assessment that he defendant has a criminal history category of VI, yielding an anticipated Guideline range of 51-63 months' imprisonment.  Given that the statutory maximum term of imprisonment is 5 years' imprisonment, the Guideline range becomes 60 months' imprisonment.

22.    The Defendant disagrees and is free to argue against the application of increases in the base offense level at the time of sentencing.  Both parties agree that the Court will make the final determination.

**Acceptance of Responsibility:**  To date, the Defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct.   Based upon the Defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement,

13

the Government agrees that the Defendant should receive a two (2) level reduction *provided* the Defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing. The Defendant timely notified the Government of Defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently. After the Defendant enters a plea of guilty, the Government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level. The parties reserve the right to present evidence and arguments concerning the Defendant's acceptance of responsibility at the time of sentencing.

### Part 8: Waiver of Right to Appeal

23.     **Direct Appeal:** The Defendant understands that the Defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the Defendant expressly waives the Defendant's right to appeal the conviction imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. The Defendant further expressly waives any and all challenges to the statute(s) to which the Defendant is pleading guilty on constitutional grounds, as well as any challenge that the Defendant's admitted conduct does not fall within the scope of the applicable statute(s). The Defendant further agrees that in the event the Court sentences the Defendant to a sentence at or below 5 years' imprisonment, regardless of the Defendant's criminal history category or how the sentence is calculated by the Court,

14

then the Defendant expressly waives the Defendant's right to appeal the sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. This blanket waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions supervised release and the amount of any fine.

24.     **Later Legal Challenges:**   Additionally, the Defendant expressly agrees not to contest, or seek to modify, the Defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255.  As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the Defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the Defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment.  However, if the Defendant files such a motion, the Government may oppose the motion on any other grounds.  Furthermore, should the Defendant seek to appeal an adverse ruling of the district court on such a motion, the Government may claim that this waiver bars such an appeal.  As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the Defendant received ineffective assistance of counsel.

25.    **No Appeal of Supervised Release Term and Conditions:**   The parties' reservation of the rights to present evidence and arguments in this Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified above, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

### Part 9:  Presentence Investigation Report

26.    The Defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

27.    The Defendant further requests and consents to the review of the Defendant's Presentence Investigation Report by a Judge, Defendant's counsel, the Defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

### Part 10:  Immigration Consequences

28.    The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offenses to which the Defendant is pleading guilty.  The Defendant also recognizes that removal will not occur until service of any sentence imposed in this case has been completed.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant

16

understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the Defendant's removal from the United States.

### Part 11:  Statement of the Defendant

29.  By signing this document, the Defendant acknowledges the following:

a.  I have received a copy of the Information and have read and discussed it with my attorney.  I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Information in open Court, and all further proceedings including my arraignment.

b.  I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information, and believe and feel that my attorney is fully informed as to all such matters.  My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

c.  I have read the entire Plea Agreement and discussed it with my attorney.

d.  I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

e.      Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty."  I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

f.      I am fully satisfied with my attorney's representation during all phases of this case.  My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

g.      I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

h.      I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

i.      I understand that if convicted, a Defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

j.      My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right

to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

    **k.**    My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

    **l.**    If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty Plea Agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

### Part 12:  Certificate of Counsel

    **30.**    By signing this document, the Defendant's attorneys and counselors certifies as follows:

    **a.**    We have read and fully explained to the Defendant all the accusations against the Defendant which are set forth in the Information in this case;

**b.** To the best of our knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

**c.** The plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and Plea Agreement accords with our understanding of the facts as related to us by the Defendant and is consistent with our advice to the Defendant;

**d.** In our opinion, the Defendant's waiver of all reading of the Information in open Court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and we recommend to the Court that the waiver be accepted by the Court;

**e.** In our opinion, the plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and we recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the Defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

## Part 13:  Final Provision

**31.** **Complete Agreement:** The Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the Defendant to plead guilty.

32.    This document is the complete and only Plea Agreement between the Defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

10.17.19
_____
DATE

Tiffany J. Preston
Assistant United States Attorney

10.18-19
_____
DATE

Steven D. DeBrota
Deputy Chief, Criminal Division

10/09/19
_____
DATE

John Pinkham
Defendant

10/17/19
_____
DATE

Joseph Cleary
Counsel for Defendant